MACK MASON, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 12049

January 20, 1983                                         656 P.2d 841

*Frank J. Cremen,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a conviction of second degree murder. The only issue we will address is whether certain statements made by appellant to police officers were admitted into evidence in violation of the Fourth Amendment.

Appellant contends that he was detained by police officers without probable cause to justify detention, and that he made statements to the police as a result of the detention. Appellant argues that under Dunaway v. New York, 442 U.S. 200 (1979), a statement taken from a defendant who has been detained without probable cause is inadmissible pursuant to the Fourth Amendment to the United States Constitution.

Respondent's only argument on this issue was that *Dunaway* should not be applied retroactively to this case, because appellant's arrest occurred prior to the decision in *Dunaway*. After oral argument in this appeal, the Supreme Court decided the cases of United States v. Johnson, 457 U.S. 537, 50 U.S.L.W. 4742 (June 21, 1982) and Taylor v. Alabama, 457 U.S. 687, 50 U.S.L.W. 4783 (June 23, 1982). In *Johnson* it was held that a decision of the Supreme Court construing the Fourth Amendment is to be applied retroactively to all convictions which were not yet final at the time the decision was rendered. In *Taylor* the Supreme Court applied *Dunaway* to an arrest which had occurred prior to the decision in *Dunaway*. *See also* United States v. Tucker, 610 F.2d 1007 (2d Cir. 1979).

On September 29, 1982, we ordered the parties to file supplemental briefs addressing the significance of the recent cases cited above. In response to our order, respondent has essentially conceded that *Dunaway* must be applied in this case, and that the conviction must be reversed and remanded for a new trial.

Accordingly, as mandated by *Dunaway* and subsequent Supreme Court decisions, we reverse the conviction and remand for a new trial.

MANOUKIAN, C. J., SPRINGER, MOWBRAY, and GUNDERSON, JJ., and GUY, D. J.,[1] concur.

---

[1]The Governor designated The Honorable Addeliar D. Guy, Judge of the Eighth Judicial District Court to sit in the place of JUSTICE CAMERON M. BATJER, who voluntarily recused himself. Nev. Const., art. 6, § 4.